UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JAMES E. TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 4:05-CV-81 AS |
| v. ) | |
| ) | |
| ATTORNEY GENERAL OF THE ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

James E. Turner, a *pro se* prisoner, submitted a complaint seeking the return of $12,000.00. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> . . .
> In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy

> Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Here, Mr. Turner alleges that this money was not subject to either a civil or criminal forfeiture. He also alleges that though he was found with a small quantity of drugs at the time that the money was seized, he was never charged with a drug crime. Mr. Turner attempts to bring this suit pursuant to 28 U.S.C. §§ 2461 and 2462, but those statutes are inapplicable because they address only forfeitures prescribed as a violation of an Act of Congress. Mr. Turner has made clear that his $12,000.00 was not taken as a part of any forfeiture proceeding or as prescribed for a violation of any federal law. Mr. Turner also attempts to bring this suit pursuant to 18 U.S.C. §§ 981, 982, and 983, but those statutes are inapplicable because they address only forfeitures related to criminal law violations. Again, Mr. Turner's allegations are that this seizure is not connected with a criminal charge.

Nevertheless, FED. R. CRIM. P. 41(g) provides that, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." This is Mr. Turner's allegation: that his $12,000.00 was unlawfully seized and that he has thereby been deprived of it.

Mr. Turner does not say when his property was seized, but he says that it was taken against his will during a traffic stop where he was a passenger in the car. Therefore it is clear that he knew the moment that the seizure occurred. He

also states that on February 21, 2003, the State of Indiana filed a motion transferring the money to the United Sates. Therefore it is clear that the seizure occurred before that date. Mr. Turner signed this lawsuit on November 5, 2005.

> [T]he plaintiff is estopped from bringing this action due to the . . . lapse between the time he first learned of the seizure and the time he commenced action to regain his property. [W]here the plaintiff fails to take action within two years of constructive notice of seizure, a motion pursuant to Rule 41[g] will be dismissed.

*Hill v. United States*, 830 F. Supp. 270, 274 (D. Pa. 1993) (Citation and parentheses omitted). Here, Mr. Turner waited longer than two years after he knew of the seizure to bring this claim. At the latest, this claim expired in February 2005, more than eight months before he filed this case. Therefore it is barred by the doctrine of estoppel.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: October 20 , 2006

>       S/ ALLEN SHARP      
> ALLEN SHARP, JUDGE
> UNITED STATES DISTRICT COURT